IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBIN KAUFMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COSTCO CONNECT POWER BY AMERICAN FAMILY INSURANCE CLAIMS,<br><br>　　　　　Defendant. | CV 23–102–M–DWM<br><br><br><br>ORDER |

　　　　On September 12, 2023, Defendant removed the above-captioned case to the United States District Court for the District of Montana, Missoula Division. (Doc. 1.) On September 15, 2023, Plaintiff filed a "Combined Response and Brief in Opposition to Notice of Removal." (Doc. 5.) On September 29, 2023, Defendant filed a "Response Brief in Opposition to Plaintiff's Motion to Remand." (Doc. 8.) Plaintiff did not reply, but instead moved to strike Defendant's response brief. (Doc. 9.) Defendant opposes. (Doc. 10.) Because Plaintiff's motion reflects a confusing misunderstanding of the federal statutes governing practice in this Court and this District's Local Rules, the motion is denied.

　　　　Federal statutes and the District of Montana Local Rules provide detailed groundwork and instruction for removing a state court case to the federal courts.

1

Those statues and rules give clear instruction on the reasons why a federal court can or should remand a case to the state. After a defendant removes a civil action, *see* 28 U.S.C. §§ 1441, 1446(a), "[a] motion to remand the case on the basis of any defect . . . must be made within 30 days after the filing of the notice of removal" if a plaintiff believes removal is improper, *id.* § 1447(c).

Here, Plaintiff filed a "Combined Response and Brief in Opposition to Notice of Removal," filed "pursuant to 28 U.S.C. § 1447(c)," (Doc. 8), to which Defendant timely responded, (Doc. 10). The statues and the rules do not contemplate a "brief in opposition" to a defendant's removal notice. Instead, they instruct that a party file a *motion* to remand where that party sees a removal defect. And for any remand motion filed, the opposing party may file a response brief. *See* L.R. 7.1(d)(1)(B)(ii). Here, Plaintiff's "Brief in Opposition" is construed as a motion to remand under § 1447(c). To construe it otherwise would contradict common sense.

Construed in that way, Plaintiff's motion to strike Defendant's response becomes even more curious. Plaintiff argues that "[n]o legal authority exists to allow the Defendant to file such a responsive Brief" and that "[a] review of 18 U.S.C. § 1447 does not provide legal authority for a party seeking removal to file a responsive Brief to the opposing party's notice of opposition to removal." (Doc. 9 at 2.) While that statute does not explicitly discuss whether a response is allowed,

it does not need to.  Most counsel understand the concept of litigation practice that motions may, and in some circumstances must, be responded to—a concept that is reflected in this District's Local Rules.  Plaintiff cited § 1447 as the authority for her "Brief in Opposition" but it is unclear if she actually read the statute.  If she had, she would have observed that a motion for remand is the proper means of opposition to the removal of a civil action and that a response is not only allowed but likely required.  Accordingly,

    IT IS ORDERED that Plaintiff's motion to strike (Doc. 9) is DENIED.  This Order shall not be read as a comment on whether this case was properly removed.

    DATED this 14th day of November, 2023.

_____
Donald W. Molloy, District Judge
United States District Court