IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBIN KAUFMAN,<br><br>           Plaintiff,<br><br>vs.<br><br>COSTCO CONNECT POWER BY AMERICAN FAMILY INSURANCE CLAIMS,<br><br>           Defendant. | CV 23–102–M–DWM<br><br><br><br>ORDER |

On September 12, 2023, Defendant removed the above-captioned case to the United States District Court for the District of Montana, Missoula Division. (Doc. 1.) On September 15, 2023, Plaintiff filed a "Combined Response and Brief in Opposition to Notice of Removal." (Doc. 5.) On September 29, 2023, Defendant filed a "Response Brief in Opposition to Plaintiff's Motion to Remand." (Doc. 8.) Plaintiff next moved, opposed, to strike Defendant's response brief. (Docs. 9, 10.) That motion was denied by written Order, which also construed "Plaintiff's Combined Response and Brief in Opposition to Notice of Removal" as a Motion to Remand under 28 U.S.C. § 1447(c). In the motion to remand, Plaintiff argues that no federal subject matter jurisdiction exists in this case because the parties lack complete diversity and, in the alternative, because Defendant's notice of removal

1

was untimely. Plaintiff also seeks attorneys' fees. Defendant counters that Plaintiff misunderstands federal jurisdiction caselaw and that it removed the case as soon as it knew complete diversity existed between the parties. Because Defendant has the better argument, the motion is denied.

I. **Factual Background**

As alleged in the complaint and discussed in Defendant's notice of removal, the facts are as follows. An automobile insurance contract existed between Plaintiff and Defendant "to provide an automobile liability insurance policy that covered Plaintiff." (Doc. 3 at ¶ 3.) This policy included underinsured motorist coverage to "cover losses in excess of an insufficient policy limit carried by a tortfeasor." (*Id.* at ¶¶ 4–5.) On May 19, 2021, Plaintiff was involved in a two-car vehicle collision during which she suffered extensive injuries. (*Id.* at ¶¶ 6–14.) The other vehicle's driver was insured, and Plaintiff received an insurance payout from the other vehicle driver's insurance. (*Id.* at ¶¶ 16–17.) Plaintiff accepted the policy limits of the other vehicle driver's insurance and initiated an uninsured motorist coverage claim against Defendant. (*Id.* at ¶¶ 19–23.) The parties attempted to settle the matter but were not able to do so, which prompted Plaintiff to bring the above-captioned case. (*Id.* at ¶¶ 24–25.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a civil case may be removed to the federal district court in the district where the action is pending if the district court had original jurisdiction. The removal statute is to be strictly construed against removal jurisdiction. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). The "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "and that the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## III. Analysis

### A. Diversity Jurisdiction

Plaintiff first argues that she is bringing a direct action as contemplated in 28 U.S.C. § 1332, making Defendant a citizen of Montana and destroying complete diversity of citizenship. Defendant argues that this is a first-party claim and thus the exception in § 1332 does not apply. Defendant has the better argument and has met its burden of demonstrating that the parties are diverse.

Diversity jurisdiction exists in cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a). A corporation is "deemed a citizen of its place of incorporation and the location of its principal

place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). In a direct-action insurance dispute, an exception applies to make an insurer a citizen of every state where their insured is a citizen. 28 U.S.C. § 1332(c). A direct action is a case "in which a party suffering injuries or damage for which another is legally responsible . . . bring[s] suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993). "A suit by an insured against his or her own insurer is denominated a first-party action. The direct-action rule of Section 1332(c) does not apply to a first party action, whether the action is based on denial of coverage or bad-faith insurance practices." *Wilson v. PartnerRe Ireland Ins. dac*, 2023 WL 3814884, at *2 (D. Ariz. June 5, 2023).

Here, neither party disputes that the amount in controversy exceeds $75,000, (*see* Doc. 1 at 4, Doc. 3), making the relevant question whether the parties are citizens of different states. Because the Plaintiff is the insured party and Defendant is her insurer, this case is not a direct action. *See Searles*, 998 F.2d at 729 ("[A] suit by an insured against an insurer [] is not a direct action." (cleaned up)). And, because this is not a direct action, the exception set out in § 1332(c) does not apply. Applying the basic rule in § 1332(c), the parties are completely diverse.

Plaintiff is a citizen of Montana. (*See* Doc. 1-4 at 1.) The record reflects that Defendant is a citizen of Wisconsin only. (*See* Docs. 1-5, 5-1.) Neither the complaint nor any other document filed in this action indicates that Defendant is a citizen of Montana. Plaintiff points to a Certificate of Fact signed by the Montana Secretary of State certifying that Defendant is licensed to conduct business in Montana. (Doc. 5-1 at 3.) That document does not indicate that Defendant is a citizen of Montana. Rather, it explains that Defendant was incorporated on April 12, 2002, in the jurisdiction of Wisconsin and has its principal place of business in De Pere, Wisconsin. (*Id.*; *see also* Doc. 8-1.) Defendant is a citizen of Wisconsin because it is incorporated, (Doc. 1-5), and has its principal place of business in Wisconsin, (*see* Doc. 5-1); *see also* 28 U.S.C. § 1332(c)(1).

### B. Timeliness of Removal

Plaintiff next argues that even if diversity jurisdiction is proper, removal was not because Defendant's notice of removal was untimely. Defendant argues that because Plaintiff pleaded that her residency, not her citizenship, was in Montana, it was not apparent from the face of the complaint that diversity of citizenship existed. Again, Defendant has the better argument.

28 U.S.C. § 1446(b) provides two thirty-day windows during which a case may be removed: (1) during the first thirty days after the defendant receives the initial pleading; or (2) during the first thirty days after the defendant receives a

paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." "The second thirty-day period for removal applies when the case stated by the initial pleading is not removable." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (internal quotation marks omitted). "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Id.* Removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry," even if the initial pleading may contain some sort of clue or hint as to a plaintiff's citizenship. *Id.* Section 1332 speaks of citizenship, not of residency, and "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Pleading residency is not sufficient to trigger removal. *See id.* at 857–58.

      Here, Defendant's notice of removal was timely. Defendant received notice that a complaint had been filed against it on May 9, 2023, (Doc. 1-2 at 1), and signed an acknowledgment and waiver of service of the state court summons and complaint on May 30, 2023, (Doc. 1-3). On June 28, 2023, Defendant answered the complaint and filed its corporate disclosure statement. (Docs. 4, 1-5.) The corporate disclosure statement affirms that Defendant "is a Corporation formed

6

under the laws of the State of Wisconsin." (Doc. 1-5.) On August 24, 2023, Plaintiff responded to Defendant's discovery requests. (Doc. 1-4.) On September 13, 2023, Defendant filed its notice of removal. (Doc. 1.) If the case was removable based on the information pleaded in the complaint, as Plaintiff argues, Defendant's removal window would have triggered on May 30, 2023, at the latest, and elapsed 30-days later, on June 29, 2023. If the case was removable only after Defendant received Plaintiff's discovery responses, as Defendant argues, Defendant's removal window would have triggered on August 24, 2023 and elapsed on September 23, 2023. The relevant question now is when Defendant could have first ascertained that the case was removable.

    The record reflects that Plaintiff is a citizen of Montana, but that information was not affirmatively pleaded in the complaint. Plaintiff initially pleaded that "[a]t all relevant times, Robin Kaufman [] was a resident of Missoula County, Montana." (Doc. 3 at ¶ 1.) But "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. Plaintiff argues that Defendant had amble information to ascertain her citizenship including that: the Defendant "provided an insurance policy to a Montana citizen"; Plaintiff filed the state action in Montana State Court; and "Defendant admitted . . . that they did provide a Montana policy of insurance coverage to the Plaintiff." (Doc. 5 at 12–13.) Plaintiff is incorrect. Plaintiff does

7

not provide any authority to show why she could not have been a citizen of another state while also carrying an insurance policy in Montana. The clues Plaintiff lists did not affirmatively give Defendant notice of Plaintiff's citizenship and Defendant was under no duty to further investigate. *Harris*, 425 F.3d at 694. Therefore, this case was not removable based on the pleadings alone.

In her first discovery responses, Plaintiff admitted that she is a citizen of Montana. (*See* Doc. 1-4 at 1.) It was from that paper that it could "first be ascertained that the case is one which is or has become removable," *see* § 1446(b)(3), and Defendant had 30 days from August 24, 2023, to file a notice of removal. Because it did so within that window, on September 13, 2023, removal was timely.

## IV. Conclusion

For the reasons explained above, Plaintiff's motions to remand and request for attorneys' fees (Docs. 5, 20) are DENIED.

DATED this 17th day of November, 2023.

_____
Donald W. Molloy, District Judge
United States District Court